**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3282
_____

UNITED STATES OF AMERICA

v.

JAMES BLAKNEY,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-11-cr-00562-001)
District Judge: Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2013

Before:  GREENAWAY, JR., VANASKIE, and ROTH, *Circuit Judges*.

(Filed: March 11, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

James Blakney appeals from a judgment entered by the District Court convicting

him of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1),

and sentencing him to a 180-month term of incarceration.  Blakney contends the District

Court erred in denying his motion to suppress the firearms evidence, and in determining

that he should be sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e).[1]

Finding no error, we will affirm.

## I.

Blakney was arrested on June 4, 2011 after the police recovered two firearms hidden behind a toilet in Blakney's home. The police found the firearms while executing a search warrant. A grand jury later charged Blakney, who had previously been convicted of a felony, with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1).

Blakney moved to suppress the firearms evidence, arguing that the search warrant was issued on the basis of false material statements contained in the affidavit of probable cause. The District Court held a hearing on Blakney's motion.

At the hearing, Terence Sweeney, a detective with the Philadelphia Police Department, testified that he sought the search warrant after interviewing seventeen-year-old M.P., Jr. ("M.P.") on June 2, 2011. According to Detective Sweeney, M.P. reported that he had been the victim of an assault by two men on May 31, 2011. M.P. stated that, during the assault, he was struck several times on the head with a nickel-plated handgun by a man he had known for several years by the name, "Bruce." As a result of the

---

[1] In pertinent part, 18 U.S.C. § 924(e) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years. . . .

assault, M.P. was admitted to a hospital intensive care unit. Detective Sweeney corroborated the fact that M.P. had been admitted to the hospital with severe head injuries.

Detective Sweeney also testified that he checked the police radio database and found that the police had received a phone call reporting a disturbance at the time and location that M.P. claimed he had been assaulted. The report was ultimately listed as "unfounded," which Detective Sweeney interpreted as meaning that "when the officers responded no one came forth and offered the officers information for the alleged call." (Appendix ("A.") 24.)

Additionally, Detective Sweeney testified that M.P. provided "Bruce's" address to him, and that voter registration records listed Blakney as a resident of that address. After running Blakney's name through police records, Detective Sweeney learned that Blakney had a prior conviction that prevented him from legally possessing a firearm. Sweeney then presented M.P. with a photograph of Blakney, and M.P. identified the photograph as the man he knew as "Bruce." (A. 14-15.) M.P. then signed the photograph and wrote at the bottom, "[t]his is Bruce that [sic] hit me a number of times with a nickel-plated gun." (*Id.* 15.)

Based upon the evidence presented at the hearing, the District Court found that the search warrant was supported by probable cause; that the affidavit of probable cause was free of any false statements or omissions material to the finding of probable cause; and that the affidavit of probable cause was free of any material false statements made

3

knowingly, intentionally, or recklessly.  Accordingly, the District Court denied the suppression motion.

Blakney subsequently pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement that called for a prison term of 180 months.  The plea agreement, although containing an appellate waiver, preserved Blakney's right to challenge the denial of his suppression motion and his qualification for sentencing as an armed career criminal under 18 U.S.C. § 924(e).  At sentencing, Blakney challenged the government's contention that he qualified as an armed career criminal subject to the mandatory minimum prison term of 15 years called for by 18 U.S.C. § 924(e).  Specifically, Blakney argued that the original certified copy of his 1995 robbery conviction, which the government produced at sentencing as evidence of a third qualifying felony conviction, was insufficient proof of that conviction.  The District Court disagreed, finding that the certified copy established that Blakney was convicted of the qualifying offense.  The District Court accepted the binding plea agreement and sentenced Blakney to 180 months' incarceration in accordance with that agreement.[2]

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Blakney first contends that the District Court erred in denying his motion to suppress the firearms because the affidavit of probable cause was inadequate.  He relies

---

[2] Blakney's advisory imprisonment guidelines range was calculated to be 210 to 262 months.

4

on *Franks v. Delaware*, 438 U.S. 154 (1978), which "requires suppression of evidence obtained pursuant to a warrant issued on the basis of a false statement that was both material to the finding of probable cause and made either knowingly and intentionally or with reckless disregard for the truth." *United States v. Brown*, 631 F.3d 638, 641-42 (3d Cir. 2011) (citing *Franks*, 438 U.S. at 155-56). Blakney concedes that Detective Sweeney did not knowingly or intentionally include a false statement in the affidavit. Thus, his argument succeeds only if he demonstrates that the affidavit included a false statement made "with reckless disregard for the truth," and that the false statement was "necessary to the finding of probable cause." *See Franks*, 438 U.S. at 155-56.

When considering a district court's denial of a motion to suppress, we review the district court's factual findings for clear error, and we exercise plenary review over the court's application of the law to the facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). The District Court's determination that Detective Sweeney did not act with reckless disregard for the truth is a mixed question of law and fact, which we review for clear error. *See Brown*, 631 F.3d at 642 ("[A] district court's resolution of the question whether a particular false statement in a warrant affidavit was made with reckless disregard for the truth is subject to reversal only upon a finding of clear error.").

Blakney contends that the affidavit of probable cause was problematic for two reasons. First, Blakney asserts that M.P.'s allegations – which formed the basis of the affidavit – were unreliable because M.P. was only seventeen years old at the time, and he "appeared nervous and apprehensive." (Appellant's Br. 9.) Second, Blakney asserts that the affidavit failed to disclose that the officers who responded to an initial radio call

5

about the incident marked the call "unfounded," and that this omission was material. (A. 24.)

Blakney's arguments fail for several reasons. His assertion that Detective Sweeney acted with reckless disregard for the truth in failing to conduct further investigation into M.P.'s allegations is belied by the record. Detective Sweeney testified before the District Court that he verified M.P.'s statements by reviewing M.P.'s hospital discharge papers and calling the hospital to confirm that M.P. had been admitted to the intensive care unit with severe head injuries. He likewise confirmed that Blakney was known to M.P. as "Bruce" and that Blakney lived at the address provided by M.P. as "Bruce's" residence.

Blakney's claim that the warrant would not have been issued if it had indicated that the police radio call was categorized as "unfounded" is unpersuasive. Detective Sweeney testified before the District Court that the police report was designated unfounded because, "when the officers responded[,] no one came forth and offered the officers information for the alleged call." (A. 24.) Based on this testimony, the District Court did not clearly err in concluding that the omission of this information was immaterial.

Finally, Blakney's brief fails to address the second prong of the *Franks* analysis; i.e., whether the allegedly false information was necessary to a finding of probable cause. Blakney's brief does not identify a specific statement that is allegedly false, and the omission of the report being "unfounded" is immaterial to a finding of probable cause. We will therefore uphold the District Court's denial of Blakney's motion to suppress.

6

Blakney also contends that the District Court erred in sentencing Blakney as an armed career criminal pursuant to 18 U.S.C. § 924(e) because the government failed to move the certified copy of Blakney's 1995 robbery conviction into the record. We need not address this issue at length. Blakney does not deny that the certified copy of this conviction was accurate, nor does he argue that this prior robbery conviction fails to qualify for § 924(e)'s sentencing enhancement. Furthermore, Blakney does not cite to any authority for the proposition that the District Court may only consider documents entered into evidence at sentencing. Thus, we reject his argument that the District Court erred in relying on the certified copy of Blakney's 1995 robbery conviction because the government failed to move the document into evidence.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.